CHARLES C. HORTON v. THE STATE.

No. 12086.   Delivered December 12, 1928.

The opinion states the case.

*W. Owen* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, burglary; penalty, six years in the penitentiary.

On or about the 29th day of October, 1927, the storehouse of prosecuting witness, Brown, was entered and a large quantity of merchandise was taken therefrom.   Appellant and one Black were arrested, their respective residences searched and a large part of the missing property of Brown was therein recovered.

Appellant's defense was an alibi.   His Bill of Exception No. 2 purports to show that upon hearing of a motion for new trial he

offered evidence to the effect that during his trial his main alibi witness was ordered arrested and taken to jail for perjury in the presence and hearing of the jury. If an objection was made to such proceeding at the time it occurred or any exception taken, it does not appear in the transcript. It is attempted to be raised only on motion for new trial in the manner before indicated.

A bill of exception appears to have been taken to the Court's action in overruling the motion for new trial, but this presents nothing for review, since it cannot be considered in lieu of a bill of exception to proceedings had upon the trial to which an exception should have been reserved during the trial. Simmons v. State, 73 Tex. Crim. Rep. 288. For full collation of authorities see Vernon's C. C. P., Art. 667, Note 2.

In Bill of Exception No. 1 there appears an objection to the following statements of the prosecuting attorney in his argument to the jury: "Such cattle should not be permitted to run at large. The reason that we have such cattle in this country is because juries do not put enough teeth in their verdicts." The Court qualified the bill to show that immediately after making the above statements, the prosecuting attorney stated to the jury that he should not have referred to the defendant as cattle but should have used the word "people," and that no proper charge was presented to the Court to disregard said argument. We regard the evidence as abundantly sufficient to show appellant's guilt and the verdict in this case as being in response to the evidence. The language was improper but the effect of such a statement must be appraised in the light of the entire record. Thus measured we do not think it presents error justifying a reversal, especially in view of the Court's qualification of appellant's bill. A similar statement was held not reversible error in a death penalty case. Vann v. State, 48 Tex. Crim. Rep. 11.

These are the only two bills of exception shown in the record. No error appearing of record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.